IN THE COURT OF CRIMINAL APPEALS
OF TEXAS


 
NO. WR-49,997-05




EX PARTE CHARLES RANDALL KAY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. F8466 IN THE 8TH DISTRICT COURT
FROM FRANKLIN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and
failure to appear and sentenced to fifty years’ imprisonment. The Sixth Court of Appeals affirmed
his conviction. Kay v. State, 06-10-00036-CR (Tex. App.-Texarkana, February 16, 2011). 
            Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to object and request a limiting instruction on extraneous offense testimony, failed to bring
to the court’s attention that a final judgment against the principal was not entered in the bond
forfeiture order, and failed to request a motion for a mistrial. 
            Applicant also contends that appellate counsel rendered ineffective assistance because
counsel failed to challenge the legal and factual sufficiency of the evidence, failed to raise a claim
that the trial court erred in denying Applicant’s motion for directed verdict, and failed to raise a “no
evidence” claim. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court shall also order appellate counsel to respond to Applicant’s claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether the performance of Applicant’s appellate counsel was deficient and, if so,
whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: March 19, 2014
Do not publish